## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER-LOREN JONES,** | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO. 23-CV-4688** |
| **v.** | : | |
| | : | |
| **CHARLES L. LUMPKIN, JR.,** | : | |
| **Defendant.** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| **CHRISTOPHER-LOREN JONES,** | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO. 23-CV-4644** |
| **v.** | : | |
| | : | |
| **CHARLES L. LUMPKIN, JR.,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

**HODGE, J.**                                                                 **DECEMBER 22, 2023**

*Pro Se* Plaintiff Christopher-Loren Jones brings two separate Complaints that assert nearly identical claims against his landlord, Charles L. Lumpkin, Jr. Jones alleges that his Landlord violated numerous federal, state, and local laws pertaining to management of Jones's apartment. Jones seeks leave to proceed *in forma pauperis*. He also requests an emergency temporary restraining order to stay eviction proceedings pending against him. For the following reasons, the Court will grant Jones leave to proceed *in forma pauperis*, dismiss his Complaints, and deny his motion for a temporary restraining order.

## I.    FACTUAL ALLEGATIONS[1]

Jones entered into a lease for an apartment located at 1512 W. Nedro Avenue, Unit B,

2nd Floor, Philadelphia PA 19141 (the "Apartment"). (*See* Compl. (23-4688) at 17.)  The lease

appears to have been initiated in November 2018 with a monthly rental payment of $850. (*Id*. at

11.)  Lumpkin owns the Apartment.  (*Id*. at 17.)  At some point, Jones failed to make lease

payments, resulting in Lumpkin initiating a Landlord Tenant Complaint in the Philadelphia

Municipal Court.[2]  (*Id*. at 5, 6, 14, 17.)  On November 3, 2023, a judgment was entered in favor

of Lumpkin against Jones in the amount of $11,692.00.  (*See* No. 23-4644 (ECF No. 9 at 7).)  On

December 11, 2023, Jones received an Eviction Notice from the Philadelphia Municipal Court,

which requires him to vacate the Apartment by January 2, 2024.  (*Id*. at 2, 6.)

Jones alleges that Lumpkin violated various federal, state, and local laws pertaining to

lead-based paint disclosures and escrow accounts.  (Compl. (23-4688) at 6-7.)  Jones further

alleges that he has suffered "psychological harm."  (*Id*. at 5.)  For relief, he seeks money

damages.[3]

---

[1] The facts are taken from the Complaint filed in Case No. 23-4688, the Complaint filed in Case No. 23-4644, the Motion for a Temporary Restraining Order, and all exhibits attached to these three pleadings.  The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] *See Lumpkin v. Jones*, No. LT-23-05-30-5412 (Mun. Ct. Philadelphia).

[3] Jones also seeks dismissal of his underlying landlord-tenant action.  (Compl. (23-4644) at 5.)  He contends that the Judge displayed bias and that the Philadelphia Municipal Court lacked jurisdiction over him due to his "status as an American National and non-citizen national."  (Compl. 23-4688) at 6.)  Contrary to Jones's contention, he may not evade jurisdiction of state and federal courts by declaring himself a "non-citizen."  *See Yun v. New Jersey*, No. 18-1804, 2019 WL 949643, at *2 (D.N.J. Feb. 26, 2019) ("Ms. Yun's sovereign citizen arguments—essentially, that she is not required to submit to the jurisdiction of any government—are frivolous."); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's

## II.     STANDARD OF REVIEW

The Court will grant Jones leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Additionally, the Court must review any claims over which subject matter jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte").  As Jones is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v.*

_____

time").  Moreover, as explained below, *see* infra at § III.C, Jones's request that the Court dismiss or stay his state eviction proceeding is barred by the Anti-Injunction Act.

*Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

### A.   Federal Claims

After reviewing Jones's pleadings and exhibits, the Court can discern no plausible basis for a federal claim.  Jones states that he asserts constitutional claims, but he references no specific constitutional provision.  The vehicle by which federal constitutional claims may be brought against state actors in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person acting under color of state law*."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).  From the face of the Complaints and the other pleadings Jones filed, the Court concludes that Lumpkin is a private person and not a state actor.  Simply being a landlord and filing a landlord-tenant action for unpaid rent does not make Lumpkin a state actor for purposes of § 1983.  *See  Meza-Role v. Partyka*, 523 F. App'x 882, 885 (3d Cir. 2013) (*per curiam*) (noting that private landlord defendant was not a state actor); *Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (*per curiam*) (affirming dismissal of constitutional claims against landlords as landlords are not state actors).

Jones also references various federal statutes, none of which allow for a plausible claim. He contends that the Municipal Court judgment against him violates the "Gold Clause Act," which the Court understands to be a reference to 31 U.S.C. § 5118.  That statute renders unenforceable contractual "gold clauses" that require a payment be made in gold or a particular United States coin or currency.  *See* 31 U.S.C. § 5118(a), (d).  Although it is not clear, the Court

understands Jones to be alleging that Lumpkin violated § 5118 by demanding payment in satisfaction of the landlord-tenant judgment in "Federal Reserve Notes," *i.e.*, United States currency.  Frivolous at best, the argument also fails because § 5118 makes clear that it does not apply to "obligation[s] issued after October 27, 1977."  31 U.S.C. § 5118(d)(2).

Jones also contends that Lumpkin violated the Residential Lead-Based Paint Hazard Reduction Act of 1992 ("Lead Hazard Act") by maintaining an expired Lead-Safe Certificate. The regulations promulgated pursuant to the Lead Hazard Act require that lessors disclose to a lessee the presence of any known lead-based paint, *see* 40 C.F.R. § 745.107(a), and include in each lease contract a Lead Warning Statement, and other disclosures about known lead-based paint, *see* 40 C.F.R. § 745.113(b).  There is no requirement in the Lead Hazard Act or its associated regulations that require landlords to maintain up-to-date Lead-Safe Certificates.[4]

Jones also references 24 C.F.R. § 880.608 and contends that Lumpkin violated the regulation by failing to place his security deposit in an escrow account.  The regulation Jones cites discusses requirements for owners of property in the Section 8 Housing program.  There is no allegation in either Complaint that the Apartment was part of this program.  Thus, the regulation does not apply.  Finally, Jones references the "Lead-Safe Housing For Kids Act of 2021," which was a bill introduced in the United States Senate on May 26, 2021, but which never became law.  *See* https://www.congress.gov/bill/117th-congress/senate-bill/1860/committees (last accessed Dec. 22, 2023).  Accordingly, Jones fails to state any

---

[4] Maintaining and providing Lead-Safe Certificates appears to be a City of Philadelphia requirement.  *See* City of Philadelphia, Permits, Violations & Licenses, available at: https://www.phila.gov/services/permits-violations-licenses/apply-for-a-permit/environmental-permits-and-approvals/submit-lead-certification-and-inspection-reports/  (last accessed Dec. 22, 2023).  As set forth below, *see* infra at § III.B, the Court lacks subject matter jurisdiction over any claims asserted under state or local law.

plausible federal claim.

### B.    State Claims

Jones also appears to assert claims under state landlord-tenant law and under the

Philadelphia Code.  However, the only independent basis for jurisdiction over these state law

claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between . . . citizens of different States."[5]   Section 1332(a) requires "'complete diversity

between all plaintiffs and all defendants,'" which "means that, unless there is some other basis

for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln*

*Ben. Life Co*., 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81,

89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).  An

individual is a citizen of the state where they are domiciled, meaning the state where they are

physically present and intend to remain.  *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344

(3d Cir. 2011).  In response to the question on the form complaints requesting the state

citizenship of the parties, Jones responds that he is an "American National" and that Lumpkin is

a "U.S. Citizen."  (Compl. (23-4688) at 4; Compl. (23-4644) at 4.)  However, Jones provides

Pennsylvania addresses for both he and Lumpkin.  Accordingly, it appears that both Jones and

Lumpkin are citizens of Pennsylvania such that diversity jurisdiction does not exist over Jones's

state law claims.

### C.    Request for Temporary Restraining Order

Jones requests a temporary restraining order to "suspend" his eviction pending the

---

[5] Because the Court has dismissed Jones's federal claims, it will not exercise
supplemental jurisdiction over any state law claims.

outcome of this case.  (Mot. TRO at 2.)  Jones asserts he was told he must vacate the Apartment by January 2, 2024.  (*Id*.)  A temporary restraining order "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted).  At a minimum, a plaintiff seeking a temporary restraining order must show that he is likely to succeed on the merits of his claims.  *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019); *see also Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").  As set forth in this Memorandum, there is no likelihood that Jones will succeed on the merits of his claims.

In addition, Jones's request that the Court suspend or stay his state court eviction proceedings is barred by the Anti-Injunction Act.  *See* 28 U.S.C. § 2283.  The Anti-Injunction Act "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'"  *In re Prudential Ins. Co. of Am. Sales Practices Litig*., 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283)).  "The Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions,'" which are to be construed narrowly.[6]  *Id*. (quoting *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).  Courts in the

---

[6] The three exceptions to Anti- Injunction Act are not applicable here.  They permit injunctions to have the effect of staying state court proceedings when (1) expressly authorized by Congress; (2) where necessary in aid of its jurisdiction; and (3) to protect or effectuate its judgments.  *In re Prudential Ins. Co*., 314 F.3d at 103.

Third Circuit have consistently held that "[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." *McMillan v. Nationstar Mortg. Co.*, No. 20-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) (citing cases); *Frankel v. Guzman*, No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) (rejecting emergency request to enjoin eviction proceedings and noting weight of authority in Third Circuit to support holding); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No. 14-5055, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); *Frankel v. Kessler*, No. 21-0093, 2021 WL 229321, at *5 (E.D. Pa. Jan. 22, 2021) (dismissing complaint on screening and denying temporary restraining order where claims related to state court eviction proceeding were barred by Anti-Injunction Act). Accordingly, Jones's request for a temporary restraining order will be denied.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Jones leave to proceed *in forma pauperis* and dismiss the Complaints. His federal law claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Jones's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Jones' requests for a temporary restraining order will also be denied.

BY THE COURT:

/s/ Hon. Kelley B. Hodge

_____

KELLEY BRISBON HODGE, J.

8